IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KC BIBEK,<br><br>*Petitioner*,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00406<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Before the Court is Petitioner KC Bibek (Bibek)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Bibek is a Nepalese national who entered the United States at an unknown date. [Dkt. 1]. Bibek was detained by immigration authorities and was ordered removed to Nepal in December 2025. *See id.* Bibek appealed his removal order, and his appeal remains pending before the Board of Immigration Appeals. *Id.* On June 5, 2026, Bibek brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex.

Sep. 26, 2025).

## III. DISCUSSION

### A. Immigration and Nationality Act

Bibek argues that his detention without a bond hearing violates the Immigration and Nationality Act (INA). [Dkt. 1]. He is incorrect, as two separate provisions of the INA authorize the government to detain aliens without bond during removal proceedings. *See* 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). [Dkt. 1]. 8 U.S.C. § 1225(b)(2)(A) provides that aliens "shall be detained" if they are "applicants for admission" and are not found "clearly and beyond a doubt entitled to be admitted." *Id.* § 1225(b)(2)(A). If a removable alien is not an "applicant for admission," 8 U.S.C. § 1226(a) nonetheless provides that the alien "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). Once the alien is detained, the Attorney General may "continue to detain the arrested alien" or order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Here, because Bibek appealed his removal order, his removal proceedings are still pending. Accordingly, his detention is permissible whether section 1225 or section 1226 applies to him.

### B. Due Process

Bibek also argues that his detention without a bond hearing violates due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings

after ninety days of detention, it did not hold that habeas corpus was the proper way to assert that right.[1] *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are appropriate only to challenge unlawful confinement, not mere procedural deprivations. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Bibek's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to offer him a bond hearing. *See* [Dkt. 1]. Bibek's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Bibek's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Bibek's release from custody, a habeas proceeding is not the proper arena for Bibek to contest his lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

---

[1] The issue was not properly before the Court in *Rodriguez*.

## IV. CONCLUSION

It is therefore **ORDERED** that Bibek's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 14th day of August, 2026.**

Michael J. Truncale
United States District Judge